[Cite as *State v. Nowlin*, 2013-Ohio-2593.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2013-0001 |
| TERRELL M. NOWLIN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2010-0155

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 20, 2013

APPEARANCES:

For Plaintiff-Appellee

ROBERT SMITH
Box 189
Zanesville, OH 43701

For Defendant-Appellant

DAVID SAMS
Box 40
West Jefferson, OH 43162

*Gwin, P.J.*

{¶1} Defendant-appellant Terrell M. Nowlin ("Nowlin") appeals from the Muskingum County Court of Common Pleas resentencing after remand by this Court.

*Facts and Procedural History*

{¶2} A jury convicted Nowlin of conspiracy to commit aggravated murder (R.C. 2923.01(A)(1)), conspiracy to commit kidnapping (R.C. 2923.01(A)(1)), kidnapping with a firearm specification (R.C. 2905.01(A)(2), R.C. 2941.145), aggravated murder with a firearm specification (R.C. 2903.01(A), R.C. 2941.145), three counts of tampering with evidence (R.C. 2921.12(A)(1)), and gross abuse of a corpse (R.C. 2927.01(B)). The charges arose in connection with his role in the death of Tyler Hardin, who was lured to a remote area, shot with a handgun, and buried in a shallow grave. For a complete statement of the underlying facts, see *State v. Nowlin*, 5th Dist. No. CT2012–0015, 2012-Ohio-4923 ["*Nowlin I*"].

{¶3} Appellant was sentenced on January 30, 2012, pursuant to the newly enacted House Bill 86, which became effective on September 30, 2011. The trial court merged the conspiracy to commit aggravated murder conviction with the aggravated murder conviction, merged the conspiracy to commit kidnapping conviction with the kidnapping conviction, and merged one count of tampering with evidence with abuse of a corpse. The state elected to proceed under the aggravated murder, kidnapping and tampering with evidence convictions. The trial court sentenced appellant to a term of eleven years incarceration for kidnapping, life without the possibility of parole for aggravated murder, three years' incarceration for the firearm specification for aggravated murder, and 36 months on each of the three tampering with evidence

convictions. The court ordered that all terms be served consecutively. The court later issued a nunc pro tunc entry to clarify that the court had merged the firearm specifications for kidnapping and aggravated murder. *Nowlin I*, ¶17.

{¶4} On October 19, 2012, this Court upheld Nowlin's convictions. However, this Court found that "a review of the judgment of sentence and the sentencing transcript reveals that the trial court did not make the required findings to impose consecutive sentences." *Nowlin I*, ¶71. Accordingly, we remanded the case for resentencing.

{¶5} On November 13, 2012, the trial court conducted the re-sentencing hearing. The trial court acknowledged the order of remand and the reasons for the remand. After imposing sentence the same sentence on Nowlin that it had originally imposed, the trial court stated:

> The Court will also order that all those separate sentences be served consecutive to each other. The Court finds that this is necessary to protect the public and to — punishment is not disproportionate to the seriousness of the offense and the danger that the defendant poses to the general public.
>
> The Court also finds that at least two of the multiple offenses were committed as part of one course of conduct and the harm caused by the two or more offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

This was a premeditated murder. It was not done cleanly. There was a lot of harm and hurt involved. The attempt at trying to dispose of the body and buried it and the evidence is feeble at best and outraged the entire community and anybody that's involved in the case.

* * *

The record should reflect that the Court imposed the appropriate sentence given the nature and extent of the injuries and what happened and the seriousness and outrage that occurred in committing this offense.

Sent. T. filed Jan. 3, 2013 at 5-6.

### Assignment of Error

{¶6}   Nowlin raises one assignment of error,

{¶7}   "I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS BY A SENTENCE WHICH IS CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

### Analysis

{¶8}   In his sole assignment of error, Nowlin challenges his consecutive sentences imposed after remand.

{¶9}   In 2003, the Ohio Supreme Court held in *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, a court may not impose consecutive sentences unless it "finds" three statutory factors enumerated in then 2929.14(E)(4). The statutory factors were the same as those now enumerated in the revised version of R.C. 2929.14(C)(4) following enactment of 2011 Am.Sub.H.B. No. 86. The revised version of the statute again requires the trial court to "find" the factors enumerated.

**{¶10}** The Court in *Comer, supra*, read R.C. 2929.14(E)(4), as it existed then, in conjunction with then R.C. 2929.19(B) to reach its conclusion the trial court must also state its reasons for the sentence imposed. Then R.C. 2929.19(B) stated the trial court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances...(c) if it imposes consecutive sentences under R.C. 2929.14."

**{¶11}** 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added). In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), ⎯⎯ Ohio St.3d – ⎯⎯, Slip Opinion No. 2010–Ohio–6320." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

{¶12} When it is clear from the record that the trial court engaged in the appropriate analysis, little can be gained by sending the case back for the trial court to, in essence, recite the "magic" or "talismanic" words when imposing consecutive sentences. In other words, because the record supports the trial court's imposition of consecutive sentences, the trial court cannot err in imposing consecutive sentences

after remand. Our review on appeal of any subsequent resentencing will be directed at looking at the entire trial court record to determine if that record supports the trial court's findings that the R.C. 2929.14(C) factors were met. *See, State v. Alexander,* 1st Dist. Nos. C–110828, C–110829, 2012–Ohio–3349, ¶18; *State v. Frasca,* 11th Dist. 2011–T–0108, 2012–Ohio–3746, ¶57.

**{¶13}** The transcript and sentencing entries reveal that the trial court reviewed Nowlin's presentence investigation report. Further, the trial court heard the evidence presented during Nowlin's jury trial. Upon review of the sentencing entries and the pertinent transcripts, we find the trial court properly considered the purposes and principles of felony sentencing, the factors of seriousness and recidivism and the R.C. 2929.14(C) factors when it re-sentenced Nowlin on November 13, 2012.

**{¶14}** Nowlin's sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN

WSG:clw 0529

[Cite as *State v. Nowlin*, 2013-Ohio-2593.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TERRELL M. NOWLIN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2013-0001 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN